IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREG VAUGHN,                )
                            )
        Petitioner,          )
                            )
v.                          )     Case No. CIV-17-269-C
                            )
MIKE BOLT, Warden,          )
                            )
        Respondent.          )

MEMORANDUM OPINION AND ORDER

Petitioner filed the present action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court convictions. The case was referred to United States Magistrate Judge Shon T. Erwin, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Erwin entered a Report and Recommendation on June 14, 2017, to which Petitioner has timely objected. The Court therefore considers the matter de novo.

The facts and law are accurately set out in the Judge Erwin's Report and Recommendation and there is no purpose to be served in repeating them yet again. As Judge Erwin noted, Petitioner has failed to demonstrate and cannot demonstrate that this habeas action was timely. As stated by the Tenth Circuit in Williams v. Beck, 115 F. App'x 32, 33 (10th Cir. 2004) (unpublished opinion), 28 U.S.C. § 2244(d)(1)(A) "provides that the one-year period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Williams, 115 F. App'x at 33 (internal quotation marks omitted).

Oklahoma's "sentence modification procedure is not part of the direct review process" and thus, even if the August 8, 2013 Amended Nunc Pro Tunc Order did modify the sentence, it did not change Petitioner's habeas filing deadline. Id. (citation omitted); see also Nicholson v. Higgins, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished opinion) (applying Oklahoma law and noting a motion for discretionary review of parole revocation does "not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). Petitioner cites Sigala v. Bravo, 656 F.3d 1125, 1127 (10th Cir. 2011) for the proposition that a state conviction is final thirty days after an amended judgment is entered. However, in this case, the Tenth Circuit was applying New Mexico law. This, along with the other reasons stated in the Report and Recommendation, is why Petitioner's objections are not persuasive. Accordingly, the habeas petition is untimely and must be dismissed.

## CONCLUSION

The Court adopts, in full, the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) and the Motion to Dismiss Petition for Habeas Corpus for Failure to Timely File Petition (Dkt. No. 8) is GRANTED.

IT IS SO ORDERED this 17th day of August, 2017.

_____
ROBIN J. CAUTHRON
United States District Judge